*THE CITY OF TOLEDO v. JOHN GROLL.

1. APPROPRIATION OF PROPERTY FOR STREET PURPOSES.

Where a municipal corporation appropriated property for use of street, and caused damages to be assessed, but omitted to pay same within the time fixed by statute, and some years after took possession of the land without further judicial proceedings, but intending to proceed under said appropriation proceedings, and caused the street to be improved for the use of the public: *Held*,

2. ELECTION OF PROPERTY OWNER.

(1.) That the property owner had an election to sue for the amount awarded him by the jury in the former appropriation proceedings—or to have the damages assessed him at the time the street was finally opened.

---

*The judgment in this case was affirmed by the Supreme Court, without report, March 18, 1890.

3. RIGHT TO RECOVER INTEREST ON THE DAMAGES AS ASSESSED.

(2.) *Held*, further that having brought suit for the amount of said damages assessed, he is entitled to interest only from the time the street was finally opened.

ERROR ot the Court of Common Pleas of Lucas county.

HAYNES, J.

The original action was brought by John Groll, to recover of the city of Toledo the sum of $1,831, awarded to him in certain proceedings had by the city to appropriate property for street purposes.

The facts, briefly, are that in 1873, the city council passed an ordinance to extend Broadway across and directed proceedings to be taken to appropriate plaintiff's land. Proceedings were accordingly commenced in the probate court, which resulted in the finding of $1,831 by the jury as the value of plaintiff's land taken, which sum the court ordered the city to pay the plaintiff within six months, in pursuance of the statute.

In September, 1873, the city council, by ordinance, gave a name to the street.

On December 23, 1873, the city council passed a resolution ordering the street commissioner to take possession of and open the street. But no steps were taken by the street commissioner to do so. The matter remained in this situation until 1883, when the city council again passed a resolution directing the street commissioner to open said street by removing fences, etc. And, thereupon, the street commissioner proceeded to take down the fences and open the street, and turnpiked the same, and from that time to the present the same has remained an open and public street of the city.

In November, 1884, the plaintiff commenced this action to recover said $1,831 so awarded him, the same never having been paid by the city.

The city joined issue, denying that said street was in any manner a public street of the city, by appropriate pleading denying the liability of the city for said moneys.

In the common pleas the trial resulted in judgment for the plaintiff below, trial being had to the court without intervention of a jury.

Exceptions were duly taken to findings and judgment of the court.

The contention of the city is, that under sec. 2260 of Rev. Stats., the finding of the jury and the order of the court ceased to have any validity after six months from the order of the court directing the payment of the money. It claimed that the city council, in making its orders, in 1883, did not act under the proceedings of 1873 in directing the street to be opened; but that it should be treated as a trespasser in taking possession of the land of defendant in error, and that it only became liable for the value of the land at the time it was taken in 1883.

We hold upon the evidence presented in the bill of exceptions, that the city council in taking possession of the property in 1883, did so intending to, and did proceed so far as it was concerned, under the appropriation proceedings of 1873.

The question arising upon this state of facts, is: should the common pleas have given judgment for the amount of the award of the jury, or for the value of the land at the time the street was taken possession of in 1883 ?

The statute, sec. 2260, being sec. 537, of the municipal code, which was in force at the time of these proceedings, provides, that "when a municipal corporation shall make an appropriation of land for any purpose specified in this chapter, and shall fail to pay or take possession of the land for six months after the assessment of compensation shall have been made as above provided, the right of such corporation to make such appropriation on the terms of the assessment so made shall cease and determine, and any lands so appropriated shall be relieved from all incumbrances on account of the proceedings in such case, or the resolution of the council making the appropriation; and the judgment or order of the court directing such assessment to be paid, shall cease to be of any effect except as to the costs adjudged against the corporation."

Judge Gilmore, in delivering the opinion of the supreme court in Ryan, etc. v. Hoffman, etc., 26 O. S., 120, says: "The provisions of this section are evidently intended for the benefit of the land-owner, preventing as they do the land from being hung up in uncertainty for an unreasonable length of time; and a strict compliance with its requirements could be waived by the owner, and an acceptance of the money assessed as compensation after the expiration of six months from the date of the assessment and delivery of possession, would constitute such a waiver and operate as a ratification of the proceedings."

At page 122 of the same case, he says: "The second objection is that even if the city takes and pays for the property condemned, it takes the title by purchase, and not by appropriation, and hence cannot assess the expense on the adjoining property. From what has been said, it will appear that there is no force in the objection. We think the city will take the title by appropriation; but the right to assess the expense upon the adjoining property depends upon other provisions of the municipal code and other proceedings not before us."

The proceeding in that case was for a mandamus to compel the city to pay the amount of the assessment of compensation made by the jury.

It is said that the statement of law made by Judge Gilmore in that case, was *obiter dictum*. But we think it is a reasonable and just statement of the law applicable to this class of cases, and pertinent to that case.

In Trustees C. S. Ry. Co. v. Hass, 42 O. S., 239, the court held that the failure of the corporation to pay and take possession of the land within the six months, was no bar to a proceeding by the corporation to appropriate the same property for the same public use," and that the case was governed by the same rule as in case of municipal corporations.

In City of Cleveland v. Cuyahoga Agricultural Society, 41 O. S., 600, the court held in a case where $1,200 had been assessed part of which was to go to a lessee of part of the property and a part to the landlord, the part going to the landlord having been paid and the city having taken possession of his part of the land, and after the expiration of the lease the city having refused to pay the lessee because more than six months had expired from the assessment before the city took possession of this part of the land, the court held that the city was bound to pay the lessee—saying: "The order of the probate court gave to the lessee a right to the award in its favor, contingent only upon the city's election to take the land under the order.

We have said that we find that upon the city's making the order in 1883 and taking possession of the property, that it was proceeding under the order for the appropriation, and was seeking to take the property by virtue of that appropriation, and we think the true rule is that the owner of the property had his election to waive the forfeiture of the city to take within the six months and to demand of the city the amount of compensation assessed by the jury, or to have the value assessed by a jury at the time the city took possession in 1883; and that by the demand he made of the city for the award of the jury, and the bringing of this suit for the same, making no objection to the city opening the street, he ratified the appropriation and is entitled on the facts stated to recover the amount of the assessment made by the jury. The court below having so found, its judgment is affirmed.

Question is made as to when interest should commence to run upon the assessment.

The plaintiff below had the use of the property during the time from 1878 to 1883, with full right to dispose of or sell the same free from the order of appropriation and at the time of taking the property in 1883, had the right to elect to take the compensation awarded or to have a new assessment made. We therefore are of the opinion, that interest should commence to run from 1883; and the court below having so found, we affirm the judgment in that respect.

G. W. Kinney, City Solicitor, for plaintiff in error.

Pratt, Wilson & Pratt for defendant in error.